UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAM BENITEZ VALERIO, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ANTONE MONIZ, et al., )<br>)<br>Respondents. )<br>) | Civil Action No.<br>26-10866-FDS |

MEMORANDUM AND ORDER ON
<u>PETITION FOR WRIT OF HABEAS CORPUS</u>

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a noncitizen pending removal proceedings.[1] Petitioner Briam Benitez Valerio is a Dominican Republic national who illegally entered the United States in November 2021.

In February 2026, petitioner was arrested and taken into ICE custody, apparently pursuant to the mandatory detention provision of 8 U.S.C. § 1225(b). He contends that his warrantless arrest violates his Fourth Amendment rights and is contrary to statute, and that his

---

[1] The petition names Antone Moniz, Superintendent, Plymouth County Correctional Facility; Patricia Hyde, New England Field Office Director, U.S. Immigration and Customs Enforcement; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Pamela Bondi, Attorney General of the United States; and Kristi Noem, U.S. Secretary of Homeland Security, as respondents. The Court notes that Moniz, as "the person who has custody over [the petitioner]," is the only possible proper respondent. 28 U.S.C. § 2242; *see Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) ("[A]n alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). The Court will therefore dismiss the claims against the other respondents.

continued detention without an individualized bond hearing violates his Fifth Amendment due-process rights and is not authorized by statute.

To be clear, this Court is without the authority to determine whether petitioner should be removed from the United States; that is a matter for the immigration courts. Nonetheless, and for the reasons that follow, the Court agrees that petitioner is being detained without lawful authority, and therefore will order that he be granted a bond hearing before an immigration judge.

I.   **Background**

Briam Benitez Valerio, a Dominican Republic national, entered the United States in November 2021 by crossing the southern border without inspection. (Dkt. No. 1 ¶¶ 1, 31). He has been living in the United States since. (*Id.* ¶ 1). ICE took him into custody at some point during the week of February 8, 2026. (*Id.* ¶ 2). He is currently detained at Plymouth County Correctional Facility in Plymouth, Massachusetts. (*Id.* ¶ 7).

On February 13, 2026, Benitez Valerio filed, through counsel, a petition for writ of habeas corpus under 28 U.S.C. § 2241.

On February 17, 2026, the Court ordered that he not be moved outside this District without prior notice until further order of the Court. (Dkt. No. 4, at 2-3).

On February 23, 2026, respondents answered the petition. (Dkt. No. 5). Respondents conceded that "legal issues presented in the Petition are similar to those recently addressed by this Court in *Dume Rivera et al. v. Moniz*, 2025 WL 3198419 (D. Mass. Oct. 16, 2025)," and that "[s]hould the Court follow its reasoning in *Dume Rivera*, it would reach the same result here." (*Id.* at 1).

**II.     Analysis**

For the reasons discussed in the Court's decision in *Dume Rivera*, and those of many other courts across the country, *Barco Mercado v. Francis*, 2025 WL 3295903, at *4, app. A (S.D.N.Y. Nov. 26, 2025) (collecting 350 cases decided by over 160 different judges), noncitizens who initially entered the United States without inspection but have resided in the country for a substantial period of time are subject to discretionary detention under § 1226(a), not mandatory detention under § 1225(b).  Because petitioner has already entered and resides in the United States, he is not an "applicant . . . seeking admission" under § 1225, and his detention under that provision is therefore "in violation of the . . . laws . . . of the United States."  28 U.S.C. § 2241(c)(3).

Petitioner is a member of the class certified in *Guerrero Orellana v. Moniz*, because he is detained in Massachusetts; was not placed in expedited removal proceedings; was neither admitted nor paroled into the United States; is not subject to mandatory detention under § 1226(c); is not subject to post-final order detention under § 1231; and his most recent arrest did not occur at the border when he was arriving in the United States.  *See Guerrero Orellana v. Moniz*, 2025 WL 3687757, at *10 (D. Mass. Dec. 19, 2025).  It is unclear what precise effect the declaratory judgment in that case has on this action; respondent Moniz was also a respondent in *Guerrero Orellana*, so the judgment in that case very likely has collateral-estoppel effect here.  But the Court need not resolve that question for these purposes because it independently determines that petitioner's detention violates the INA.

Because petitioner can be held, if at all, only under § 1226(a), he is entitled to a hearing at which the government must "either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *see also*

*Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (explaining that federal regulation requires that § 1226(a) detainees "receive bond hearings at the outset of detention" (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). Therefore, and because respondents have not offered another authority for petitioner's detention, the Court will grant the petition and order respondents to promptly provide petitioner with an individualized bond hearing pursuant to *Hernandez-Lara v. Lyons*. Accordingly, at this stage, the Court will not reach petitioner's claims concerning his warrantless arrest.

### III.  Conclusion and Order

Accordingly, and for the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Respondent Antone Moniz is hereby ORDERED to either release petitioner or provide him a constitutionally adequate bond hearing pursuant to *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021) no later than March 9, 2026. The claims against respondents Patricia Hyde, Todd Lyons, Pamela Bondi, and Kristi Noem are DISMISSED.

**So Ordered.**

Dated:  March 2, 2026

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge